IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. MATTHEWS,

Plaintiff,

v.

LT. CAREY, et al.,

Defendants.

Case No. 3:18-cv-01618-SB

**ORDER OF DISMISSAL**

MOSMAN, J.,

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights

action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First,

Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff's Complaint is

thirty-four pages long, names twenty-seven Defendants, and includes fifty pages of attachments.

Plaintiff's allegations focus on cell transfers, disciplinary proceedings, mishandling of his legal

mail, discrimination, and retaliation. For the reasons set forth below, this Court dismisses

Plaintiff's Complaint (ECF No. 2) for failure to comply with Fed. R. Civ. P. 8(a)(2).

///

///

1 - ORDER OF DISMISSAL

## DISCUSSION

Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1986). Rather, this Court properly may consider that "[p]rolix, confusing complaints . . . impose unfair burdens on [both] litigants and judges." *Id.* Indeed, a complaint which requires the judge or the defendants to "prepare outlines to determine who is being sued for what," puts the defendants at risk that "their outline differs from the judge's, [and] that the plaintiff[] will surprise them with something new at trial which they reasonably did not understand to be in the case at all." *Id.* at 1180.

Plaintiff's Complaint does not include a short and plain statement showing that he is entitled to relief. Rather, Plaintiff's Complaint consists of a lengthy chronology of events with allegations of constitutional violations interspersed throughout. Although Plaintiff's Complaint includes a section captioned "Claims for Relief," Plaintiff simply "incorporates by reference" the preceding 114 paragraphs and alleges that Defendants have retaliated against him for his prior lawsuits. Pl.'s Compl. at 32. Defendants do not have a fair opportunity to file a responsive pleading.

Accordingly, this Court dismisses Plaintiff's Complaint for failure to comply with Fed. R. Civ. P. 8(a). Plaintiff may file an Amended Complaint, within thirty days of the date of this Order, setting forth separate claims for relief and clearly delineating the Defendants against whom each claim is made. Plaintiff is advised that, although he must include facts to support a reasonable inference that Defendants violated his constitutional rights, he need not provide the level of detail set forth in his Complaint.

///

2 - ORDER OF DISMISSAL

## CONCLUSION

Based on the foregoing, this Court DISMISSES Plaintiff's Complaint (ECF No. 2), without prejudice. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within thirty days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

This Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 3) because Plaintiff has demonstrated sufficient ability to articulate his claims *pro* se in light of the complexity of the case, and at this stage of the proceeding he has not demonstrated a likelihood of success on the merits.

IT IS SO ORDERED.

DATED this **2ᒿ** day of November, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge