IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL J. MATTHEWS, | Case No. 2:18-cv-01618-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LT. CAREY, et al., | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

      Daniel J. Matthews ("Matthews"), a self-represented litigant in custody at the Eastern Oregon Correctional Institution, filed this action against the above-named Oregon Department of Corrections ("ODOC") personnel (hereinafter, "Defendants"), alleging constitutional violations pursuant to 42 U.S.C. § 1983 and state law claims for intentional infliction of emotional distress and negligence. Currently before the Court is Defendants' motion for summary judgment. (ECF No. 42.)

      When Defendants filed their motion for summary judgment, Matthews' motion to amend his complaint was pending. (ECF No. 35.) Defendants did not oppose Matthews' motion to amend his complaint, and the Court granted Matthews' motion on February 3, 2020. (ECF No.

PAGE 1 – OPINION AND ORDER

50.) Therefore, the current operative complaint is Matthews' second amended complaint. (ECF No. 51.)

In their motion for summary judgment, Defendants argue that judgment should enter on all of Matthews' claims. However, Defendants' motion addresses Matthews' amended complaint (ECF No. 7), not his second amended complaint (ECF No. 51). Matthews alerted the Court to this disconnect in his response to the motion for summary judgment, but Defendants did not file a reply, and therefore the Court cannot discern Defendants' intent with respect to the pending motion. If the Court were to grant Defendants' motion for summary judgment, the motion would not resolve all of the claims in the operative complaint and any unresolved claims would proceed to trial because the dispositive motion deadline has passed. For example, Matthews asserts, but Defendants have not addressed, that OAR 291-105-0015(4)(q)(4.45), a regulation prohibiting "Unauthorized Organization I,"[2] is facially unconstitutional and unconstitutional as applied to Matthews and others to punish LGBTQ individuals in custody for their association and speech. (*See* Second Am. Compl. ¶¶ 54-58.) Matthews also asserts state law claims for intentional infliction of emotional distress and negligence, which Defendants have not addressed in their motion for summary judgment. (*See id.* ¶¶ 60-63.)

Matthews also opposes Defendants' motion for summary judgment on the ground that Defendants failed adequately to respond to his discovery requests. (ECF No. 60.) The Court is unable to evaluate the status of the parties' discovery disputes on the current record. In their response to Matthews' motion to compel discovery, Defendants acknowledged that some of their

---

[2] *See* OAR 291-105-0015(4)(q)(4.45) ("Unauthorized Organization I: An inmate commits Unauthorized Organization I if he/she involves himself/herself with a group of two or more persons, whether formal or informal, and who collectively or in concert creates or actively promotes, recruits, participates in or involves himself/herself in security threat activity.").

PAGE 2 – OPINION AND ORDER

discovery responses were late but represented that they were in the process of producing additional documents to Matthews. (ECF No. 49.) In Matthews' reply, it is not clear if he received Defendants' supplemental discovery responses. (ECF No. 52.) In addition, Matthews is correct that the Court denied his motion for leave to take depositions with instructions that he may renew his request after written discovery was complete (ECF No. 27), and Matthews was not provided the opportunity to renew his request. For these reasons, the Court will request additional briefing on both discovery and summary judgment, as outlined below.

## CONCLUSION

For the reasons stated, the Court DENIES Defendants' motion for summary judgment as filed (ECF No. 42), with leave to renew as explained below.

## SCHEDULING ORDER

The Court ORDERS the following supplemental briefing:

(a)   Matthews shall file a "Discovery Status Report" by **December 11, 2020**, outlining clearly and succinctly which of Defendants' responses to his First and Second Requests for Production of Documents ("RFP"), and any timely served interrogatories, were inadequate.[6] Defendants shall file a response by **January 8, 2021**, explaining why their responses were

---

[6] The Court will not revisit its opinion denying Matthews' motion compel responses to his Third and Fourth RFPs. (ECF No. 50.) The deadline to serve discovery requests expired on September 19, 2019 (ECF No. 16), and Matthews did not timely move to extend the discovery deadline. Although the Court granted Defendants' request to extend its deadline to serve *responses* to Matthews' discovery requests that were pending at the close of discovery, the Court did not reopen discovery to allow service of new discovery requests. The Court also notes that almost all of the requests in Matthews' Third and Fourth RFPs (*see* ECF No. 49) are overboard and request burdensome discovery that is not proportional to the needs of the case. The two exceptions are: (i) Matthews' request for his housing history in the Third RFP, but he already requested, and Defendants represent they produced, his housing history for a broader date range in response to the First RFP (RFP No. 10); and (ii) Matthews' request in his Fourth RFP for follow-up documents and information in response to his timely discovery requests, which the Court will sort out in connection with the parties' supplemental briefing.

PAGE 3 – OPINION AND ORDER

adequate.[7] Matthews may file an optional reply by **January 29, 2021**. The Court will enter a discovery order resolving any remaining discovery disputes, and will indicate in its order whether Matthews may renew his motion for leave to conduct depositions.

(b)  Defendants shall file an "Amended Motion for Summary Judgment (Exhaustion Only)" by **December 11, 2020**, renewing the arguments from their original motion for summary judgment that Matthews did not properly exhaust many of his claims. Defendants may incorporate by reference their earlier motion if they determine there is no need to address exhaustion of the new claims in the Second Amended Complaint, but Defendants shall also respond to Matthews' argument that the grievance process was not available to him because of the alleged pattern of retaliation against him for filing grievances, and include a discussion of relevant case law. Matthews shall file a response to Defendants' Amended Motion for Summary Judgment (Exhaustion Only) by **January 8, 2021**. In his response, Matthews shall state clearly if he disputes any *facts* regarding his failure to exhaust the grievance process (and if so, to what grievance(s) any factual disputes apply), or if he is relying solely on his argument that the grievance process was unavailable to him in light of the alleged pattern of retaliation. Defendants shall file a reply by **January 29, 2021**.

(c)  Within thirty days of the Court's opinion and order on Defendants' Amended Motion for Summary Judgment (Exhaustion Only), the parties may file a motion for summary judgment on the merits on any remaining claims against any remaining defendants. Any response will be due within 21 days, and any reply within 14 days.

---

[7] Defendants should explain in their response for Matthews' benefit why ODOC Deputy Director Heidi Steward signed some of Defendants' interrogatory responses instead of named defendant T. Stewart.

PAGE 4 – OPINION AND ORDER

(d) The Court requests that Matthews submit his briefing in typewritten format, if possible, as it is very difficult for the Court to read his handwriting. If a typewriter is not available, the Court requests that Matthews make every effort to use clear and legible handwriting. Matthews should also avoid including the personal information of other adults in custody in his court papers, as all court filings are publicly available (which is why the Court sealed Matthews' August 19, 2020 declaration).

(e) The Court understands that the COVID-19 pandemic affects the ability of individuals in custody to access the law library, and that the pandemic impacts counsel as well. If any party requires additional time to file any of the materials requested above, the Court will entertain any reasonable requests for extensions so long as the request for extension is submitted *before* the deadline expires (i.e., for Matthews, he must mail the extension request before the deadline expires).

**IT IS SO ORDERED.**

DATED this 16th day of November, 2020.

*[signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge